## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## MEMPHIS DIVISION

**JUSTIN JAICO GRIHAM**
**AND EMMANUEL L. MENIRU,**

  **PLAINTIFFS,**

**VS.**              **CAUSE NO.: _____**
                   **Jury Trial Demanded**

**CITY OF MEMPHIS,**
**TENNESSEE, TAIYUAN BROOKS, A.**
**MALONE and JOHN and**
**JANE DOES 1-10 MEMPHIS**
**POLICE DEPARTMENT OFFICERS**
**in their Official and Individual Capacities,**

  **DEFENDANTS.**

## COMPLAINT

   COMES NOW, Justin Jaico Griham and Emmanuel L. Meniru, represented by attorney Juan T. Williams and Perry Griffin, PC, and files this Complaint against Defendant, The City of Memphis, Tennessee, a governmental entity, T. Brooks and A. Malone, John and Jane Does 1-10 in their Official and Individual Capacities, and for cause of action show the Court the following:

### I.  INTRODUCTION

  1.  This is an action against Defendants for federal constitutional violations and state law personal injuries suffered by Plaintiffs as a result of their unlawful detention while Defendants acted under color of state law. Plaintiffs bring this action for compensatory damages under 42 U.S.C. § 1983 because Defendants jointly and/or severally deprived Plaintiffs of their federally-

protected civil liberties and privileges to be free from unreasonable excessive force, to be free from unlawful search and seizure, and to be free from arrest without just cause. U.S. CONST. amends. IV, XIV.

2.        As a direct consequence of the policies, practices, and procedures of the City of Memphis (hereinafter "Defendant City"), Plaintiffs were intentionally deprived of their constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. Defendants T. Brooks, A. Malone, John and Jane Does 1-10 Memphis Police Department Officers (collectively "Defendant Officers")[1], acting within the course and scope of their employment with the City of Memphis, and acting under color of state law, unjustifiably used excessive and unreasonable force against Plaintiffs, failed to intervene, and falsely arrested Plaintiffs, Justin Jaico Griham and Emmanuel L. Meniru, without probable cause and under circumstances where no reasonable Officer would have done so. Under well-established law on the above violations, Defendant Officers are not entitled to qualified or other immunity for these actions.

## II. JURISDICTION AND VENUE

3.        This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the First, Fourth, and Fourteenth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over Plaintiff's claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C.

---

[1] The true names and capacities of Defendant Officers are currently unknown to Plaintiff who therefore sues these Defendants by assumed names. However, Defendant Officers are believed to be individual officers of the Memphis Police Department and Officers of City of Memphis Police Department.  Plaintiff is informed and believes, and therefore alleges, that each of the Defendant Officers violated Plaintiff's federal constitutional rights or are otherwise legally responsible in some other actionable manner for the events and happenings referred to in this Complaint, and that Plaintiff's injuries and damages as alleged in this Complaint were caused by that violation or wrongful conduct. Plaintiff will amend this Complaint and state the true names and/or capacities of Defendant Officers when they have been ascertained.

§ 1343(a)(3) (civil rights). This Court further has jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367 (supplemental jurisdiction) as those claims form part of the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper under 28 U.S.C. § 1391(b) because Defendant City are deemed to be duly chartered and incorporated in any judicial district in which it is subject to the Court's personal jurisdiction with respect to the civil action in question; Defendant Officers are employees of Defendant City who acted in their official capacity or under color of legal authority; and all events, actions, and injuries giving rise to this claim occurred within the Western District of Tennessee.

### III. PARTIES

5.      Plaintiff Justin Jaico Griham (hereinafter "Plaintiff Griham") is an adult citizen of Shelby County, Tennessee, who resides in Memphis, Tennessee, within the Western District of Tennessee.

6.      Plaintiff Justin Emmanuel L. Meniru (hereinafter "Plaintiff Meniru") is an adult citizen of Shelby County, Tennessee, who resides in Memphis, Tennessee, within the Western District of Tennessee.

7.      Defendant City is a municipality, duly incorporated under the laws of the State of Tennessee within the United States District for the Western District of Tennessee and, as such, is a political subdivision of the State of Tennessee.  Amongst its many functions, the City of Memphis operates and maintains a law enforcement agency known as the Memphis Police Department (hereinafter "MPD"). The City is under a duty to operate its police activities in a lawful manner to preserve the peace and dignity of the City and the rights, privileges, and immunities guaranteed and secured to its residents and visitors pursuant to the Constitution and the laws of the State of

Tennessee. The City may be served with process through Mayor Jim Strickland at 125 North Main Street, Room 700, Memphis, TN 38103.

8.      Defendant Officer Taiyuan Brooks, (hereinafter "Defendant Brooks") is an individual employed in Shelby County, Tennessee. The acts and omissions complained of herein arise from the conduct of Defendant Brooks while he was acting under color of state law, and each act and omission was committed pursuant to Defendant Brooks' employment and authority as an Officer with the MPD. Defendant Brooks is sued in his official and individual capacities. Defendant Brooks may be served with process at the MPD, which is located at 2602 Mt. Moriah Station, Memphis, Tennessee.

9.      Defendant Officer A Malone, (hereinafter "Defendant Malone") is an individual employed in Shelby County, Tennessee. The acts and omissions complained of herein arise from the conduct of Defendant Malone while he was acting under color of state law, and each act and omission was committed pursuant to Defendant Malone's employment and authority as an Officer with the MPD. Defendant Malone is sued in his official and individual capacities.  Defendant Malone may be served with process at the MPD, which is located at 2602 Mt. Moriah Station, Memphis, Tennessee.

10.     Defendants John and Janes Does 1-10, whose identities are unknown to the Plaintiff at this time, are upon information and belief, Officers and/or employees of the MPD.  All allegations and claims asserted herein against the named Defendants are incorporated herein by reference against John and Janes Does 1-10.  Said John and Janes Does 1-10, when their identities are known, will be named and joined in this action, if necessary, pursuant to Federal Rules of Civil Procedure.

## IV. FACTS

11.     On or about the Sunday afternoon hours of April 4, 2021, Plaintiff Griham and Plaintiff Meniru were on their all-terrain vehicles (hereinafter ATVS) with a group of other individuals in the Lamar Avenue and Knight Arnold Road in Memphis.

12.     Plaintiffs were attempting to leave the area and were pursued by the Officers.

13.     Without warning and without announcing, Defendant Officers unreasonably and violently forced the Plaintiff Griham's ATV from the road by striking it with a police cruiser.

14.     Without warning and without announcing, Defendant Officers unreasonably and violently struck the Plaintiff Meniru's ATV with a police cruiser almost landing on top of him.

15.     After unreasonably striking and restraining Plaintiff Griham, Defendant Officers, with excessive force, placed Plaintiff Griham in handcuffs while he had a broken rib which caused additional injuries to Plaintiff Griham.

16.     After unreasonably striking and restraining Plaintiff Meniru, Defendant Officers, with excessive force, placed Plaintiff Meniru in handcuffs while he was injured which caused additional injuries to Plaintiff Meniru.

17.     Plaintiff Griham and Plaintiff Meniru, never, at any time during this incident, initiated gun fire against Defendant Officers that would have provoked Defendant Officers to subjectively or objectively believe that Defendant Officers had to use their vehicles as a weapon.

18.     As a direct and proximate result of the injuries caused by Defendant Officers, Plaintiff Griham was transported, via ambulance, to Regional One Medical Center (formerly known as "The Med") in Memphis, Shelby County, Tennessee.

19.     As a direct and proximate result of the injuries caused by Defendant Officers, Plaintiff Meniru was transported, via ambulance, to Saint Francis Hospital Park in Memphis, Shelby County, Tennessee.

20.     As a direct and proximate cause of the aforementioned injuries, Plaintiffs will continue to endure future pain and suffering, as well as medical expenses.

21.     As a result, thereof, Plaintiffs are fearful of any future contact with law enforcement due to their encounter with Defendant Officers.

## V. CIVIL RIGHTS CLAIM

22.     Plaintiffs reallege paragraphs 1 through 21 of this Complaint and incorporates them herein by reference.

23.     The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

24.     Plaintiffs allege that Defendants, jointly and/or severally, deprived them of their Fourth Amendment rights, and those rights, privileges, and immunities secured by the Fifth and Eighth Amendments to the Constitution as incorporated and applied to the states through the Fourteenth Amendment. Defendants violated Plaintiffs' rights in the following ways:

A.     By falsely arresting Plaintiffs in violation of the Fourth Amendment and its reasonableness standard to be free from unreasonable, unlawful search and seizure, when no probable cause existed to make an arrest;

B.     By using excessive force when detaining Plaintiffs;

C.     By failing to intervene while companion Defendant Officer violated Plaintiffs' constitutional rights.

D.     By failing to provide supervision and/or proper training to prevent such incidents of excessive force, and false arrest.

Defendants' violations of Plaintiffs' constitutional rights resulted in their suffering and were a direct cause of their injuries.

## I.    CLAIM ONE: 42 U.S.C. § 1983 — PEACE OFFICER LIABILITY

### A.  PLAINTIFF JUSTIN JAICO GRIHAM

#### 1.  False Arrest

25.      Plaintiff realleges paragraphs 1 through 24 of this Complaint and incorporates them herein by reference.

26.      Plaintiffs brings this claim against Defendants, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

27.      At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant City. Defendant Officers wore their official MPD uniform and were acting within the course and scope of their duties as Memphis Police Officers at all times relevant during this cause of action.

28.      Plaintiffs demonstrates how Defendant Officers violated his federal constitutional rights and civil liberties guaranteed by the Fourth and Fourteenth Amendments by falsely arresting him.

29.      Defendant Officers unlawfully acted under the color of state law to deprive Plaintiffs of their Fourth Amendment rights to be free from unlawful seizure by arresting Plaintiffs without a warrant, without witnessing a criminal act, and without probable cause to believe a crime had occurred or was about to occur.

30.      Defendant Officers used and abused their badges and their authority bestowed by MPD to interfere with Plaintiffs' liberty without reasonable and just cause in violation of the Fourth Amendment.

31.     Defendant Officers lacked probable cause to arrest Plaintiffs based on the surrounding circumstances of their arrests.

32.     At the time of the incident, there were no outstanding warrants for Plaintiff's arrest.

33.     As a direct and proximate cause of these false arrests, Plaintiffs suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress.

## 2.   Excessive Force

34.     Plaintiff realleges paragraphs 1 through 34 of this Complaint and incorporates them herein by reference.

35.     Plaintiff brings this claim against Defendants, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

36.     At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant City.  Defendant Officers wore their official MPD uniform and were acting within the course and scope of their duties as Memphis Police Officers at all times relevant to this cause of action.

37.     Plaintiffs assert Defendant Officers violated their federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, to be free from excessive force.

38.     Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable considering the circumstances facing the officer.  *See Graham v. Connor*, 490 U.S. 386, 398 ( 1989).  The facts and circumstances of this case show that Defendant Officers act  of arresting Plaintiffs were excessive and unreasonable.

39.     At the time of the incident, Defendant Officers had no reason to believe Plaintiffs

were armed or dangerous.

40.     Plaintiffs made no violent movements towards Defendant Officers or any other person that could be interpreted as threatening towards Defendant Officers or any other person.

41.     Plaintiffs made no verbal threats to Defendant Officers or any other person.

42.     Despite those circumstances, Defendant Officers indiscriminately rammed their duty vehicles into Plaintiff without probable cause or provocation.

43.     Defendant Officers unreasonably collided with Plaintiffs, causing severe injury.

44.     To add insult to injury, Defendant Officers, after the collision with Plaintiff, handcuffed him and slammed him onto the ground, causing further injury.

45.     Plaintiff also suffered from excruciating pain, embarrassment, and humiliation due to Defendant Officers' excessive force.

46.     Defendant Officers' actions were unreasonable and unwarranted under the circumstances when comparing or balancing the amount of force used against the need for the force under the current circumstances.

47.     Therefore, by using subjectively and objectively unreasonable force while acting under color of state law, Defendant Officers violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution.

48.     As a direct and proximate cause of Defendant Officers' excessive force, Plaintiffs suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress.

### 3.   Failure to Intervene – Defendants John and Janes Does 1-10, Respectively

49.     Plaintiffs reallege paragraphs 1 through 49 of this Complaint and incorporates them herein by reference.

50.     Plaintiff brings this claim against Defendants in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

51.     At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant City.  Defendant Officers wore their official MPD uniform and were acting within the course and scope of their duties as Memphis Police Officers at all times relevant to this cause of action.

52.     Plaintiff asserts Defendant Officers violated his federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, and his Substantive Due Process rights by failing to intervene as companion Officers.

53.     Officers have a duty to protect individuals from constitutional violations by fellow Officers. Therefore, an Officer who witnesses a fellow Officer violating an individual's constitutional rights is liable to the victim for failing to intervene.

54.     Defendant Officers failed to protect Plaintiff from a danger they proactively created and aggravated.

55.     Defendant Officers unjustifiably drawing their weapon towards Plaintiff placed the Plaintiff in a substantial risk of harm.

56.     Defendant Officers aggressively and unreasonably fired their weapons upon Plaintiff. Their actions were unnecessary and excessive considering the circumstances surrounding the incident.

57.     Defendant Officers shooting Plaintiff caused physical harm to Plaintiff's person.

58.     Defendant Officers' actions and inactions were egregious and arbitrary.

59.     Further, Plaintiff were subjected to and sustained substantial injury to his wrists as direct cause of Defendant Officer's conduct.

60.     Defendant Officers failed to prevent one another from causing or placing Plaintiff in direct and an unreasonable risk of harm, further violating his federal civil liberties.

61.     Defendant Officers each had reason to know that a constitutional violation had been committed by the other, and Defendant Officers had a realistic opportunity to intervene to prevent the risk of harm from occurring.

62.     As a direct and proximate cause of Defendant Officers' actions and inactions, Plaintiff suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress.

## B.  PLAINTIFF ARNIQUA RANSON

### 4.  Unlawful Seizure

63.     Plaintiff realleges paragraphs 1 through 63 of this Complaint and incorporates them herein by reference.

64.     Plaintiff brings this claim against Defendants, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

65.     At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant City. Defendant Officers wore their official MPD uniform and were acting within the course and scope of their duties as Memphis Police Officers at all times relevant during this cause of action.

66.     Plaintiff demonstrates how Defendant Officers violated thier federal constitutional rights and civil liberties guaranteed by the Fourth, Fifth and Fourteenth Amendments by unlawfully seizing thier.

67.     Defendant Officers unlawfully acted under the color of state law to deprive Plaintiff of thier Fourth Amendment right to be free from unlawful seizure by seizing Plaintiff without a

warrant, without witnessing a criminal act, and without probable cause to believe a crime had occurred or was about to occur.

68.     Defendant Officers used and abused their badges and their authority bestowed by MPD to interfere with Plaintiff's liberty without reasonable and just cause in violation of the Fourth and Fifth Amendment.

69.     Defendant Officers lacked probable cause to seize Plaintiff based on the surrounding circumstances of thier seizure.

70.     At the time of the incident, there were no outstanding warrants for Plaintiff's arrest.

71.     As a direct and proximate cause of this false arrest, Plaintiff suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress.

## 5.   Excessive Force

72.     Plaintiff realleges paragraphs 1 through 72 of this Complaint and incorporates them herein by reference.

73.     Plaintiff brings this claim against Defendants, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

74.     At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant City.  Defendant Officers wore their official MPD uniform and were acting within the course and scope of their duties as Memphis Police Officers at all times relevant to this cause of action.

75.     Plaintiff asserts Defendant Officers violated thier federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, to be free from excessive force.

76.     Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable considering the circumstances facing the officer.  *See Graham v. Connor*, 490 U.S. 386, 398 ( 1989).   The facts and circumstances of this case show that Defendant Officers' act of seizing Plaintiff was excessive and unreasonable.

77.     At the time of the incident, Defendant Officers had no reason to believe Plaintiff was armed or dangerous.

78.     Plaintiff made no violent movements towards Defendant Officers or any other person that could be interpreted as threatening towards Defendant Officers or any other person.

79.     Plaintiff made no verbal threats to Defendant Officers or any other person.

80.     Despite those circumstances, Defendant Officers indiscriminately struck the Plaintiff with their vehicle without probable cause or provocation causing Plaintiff be throw from his ATV.

81.     Defendant Officers unreasonably struck Plaintiffs with their vehicles, causing severe injury.

82.     Plaintiff also suffered from excruciating pain, embarrassment, and humiliation due to Defendant Officers' excessive force.

83.     Defendant Officers' actions were unreasonable and unwarranted under the circumstances when comparing or balancing the amount of force used against the need for the force under the current circumstances.

84.     Therefore, by using subjectively and objectively unreasonable force while acting under color of state law, Defendant Officers violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

85.     As a direct and proximate cause of Defendant Officers' excessive force, Plaintiff

suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress.

**6.   Failure to Intervene – Defendants John and Janes Does 1-10, Respectively**

86.      Plaintiff realleges paragraphs 1 through 85 of this Complaint and incorporates them herein by reference.

87.      Plaintiff brings this claim against Defendants in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

88.      At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant City.  Defendant Officers wore their official MPD uniform and were acting within the course and scope of their duties as Memphis Police Officers at all times relevant to this cause of action.

89.      Plaintiff asserts Defendant Officers violated thier federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, and thier Substantive Due Process rights by failing to intervene as companion Officers.

90.      Officers have a duty to protect individuals from constitutional violations by fellow Officers. Therefore, an Officer who witnesses a fellow Officer violating an individual's constitutional rights is liable to the victim for failing to intervene.

91.      Defendant Officers failed to protect Plaintiff from a danger they proactively created and aggravated.

92.      Defendant Officers unjustifiably striking an ATV with a police cruiser placed the Plaintiff in a substantial risk of harm.

93.      Defendant Officers aggressively and unreasonably drove their vehicles into Plaintiffs. Their actions were unnecessary and excessive considering the circumstances

surrounding the incident.

94.     Defendant Officers striking the Plaintiff with a police cruiser caused physical harm to Plaintiff's person.

95.     Defendant Officers' actions and inactions were egregious and arbitrary.

96.     Defendant Officers each failed to prevent one another from causing or placing Plaintiff in direct and an unreasonable risk of harm, further violating thier federal civil liberties.

97.     Defendant Officers each had reason to know that a constitutional violation had been committed by the other, and Defendant Officers had a realistic opportunity to intervene to prevent the risk of harm from occurring.

98.     Defendant Officers also shared a law enforcement association where each respectively understood the policies and procedures in detaining and/or arresting a suspect and that such policies and procedures that would immediately violate an individual's constitutional rights if not complied with.

99.     As a direct and proximate cause of Defendant Officers' actions and inactions, Plaintiff suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress.

**7.  EXCESSIVE AND UNREASONSABLE DESTRUCTION OF PROPERTY**

100.    Plaintiff realleges paragraphs 1 through 99 of this Complaint and incorporate them herein by reference.

101.    Plaintiff brings this claim against Defendants, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

102.    At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant City.  Defendant Officers wore their official MPD uniform

and were acting within the course and scope of their duties as Memphis Police Officers at all times relevant to this cause of action.

103.    Plaintiff asserts Defendant Officers violated thier federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, to be free from excessive and unreasonable destruction of property.

104.    The general touchstone of reasonableness which governs Fourth Amendment analysis, governs the method of execution of the warrant. See *U.S. v. Ramirez*, 523 U.S. 65 (1998).

105.    Excessive and unnecessary destruction of property in the course of a search may violate the violate the Fourth Amendment. See *U.S. v. Ramirez*, 523 U.S. 65 (1998). The facts and circumstances of this case show that Defendant Officers' act  of damaging and destroying Plaintiff was excessive and unreasonable.

106.    At the time of the incident, Defendant Officers had no reason to believe either Plaintiff was armed or dangerous.

107.    Neither Plaintiff made any violent movements towards Defendant Officers or any other person that could be interpreted as threatening towards Defendant Officers or any other person.

108.    Neither Plaintiff made any verbal threats to Defendant Officers or any other person.

109.    Despite those circumstances, Defendant Officers entered the residence with excessive and unreasonable force.

110.    Defendant Officers indiscriminately drove their vehicles into the Plaintiffs without provocation.

111.    Defendant Officers unreasonably struck the ATV's, causing severe damage to the

Plaintiff's property.

112.     Plaintiff also suffered from embarrassment and humiliation due to Defendant Officers' excessive force.

113.     Defendant Officers' actions were unreasonable and unwarranted under the circumstances when comparing or balancing the amount of force used against the need for the force under the current circumstances.

114.     Therefore, by using subjectively and objectively unreasonable force while acting under color of state law, Defendant Officers violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

115.     As a direct and proximate cause of Defendant Officers' excessive force, Plaintiff suffered federal civil liberty violations, public humiliation, property damage, and mental and emotional distress.

**8.   <u>Failure to Intervene – Defendants John and Janes Does 1-10, Respectively</u>**

116.     Plaintiff realleges paragraphs 1 through 115 of this Complaint and incorporates them herein by reference.

117.     Plaintiff brings this claim against Defendants in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

118.     At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant City.  Defendant Officers wore their official MPD and were acting within the course and scope of their duties as Memphis Police Officers at all times relevant to this cause of action.

119.     Plaintiff asserts Defendant Officers violated thier federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, and thier

Substantive Due Process rights by failing to intervene as companion Officers.

120. Officers have a duty to protect individuals from constitutional violations by fellow Officers. Therefore, an Officer who witnesses a fellow Officer violating an individual's constitutional rights is liable to the victim for failing to intervene.

121. Defendant Officers failed to protect Plaintiff from a danger they proactively created and aggravated.

122. Defendant Officers unjustifiably struck the Plaintiffs' ATV's by excessive and unreasonable force placed Plaintiff's property in harm of being unreasonably damage and destroyed.

123. Defendant Officers aggressively and unreasonably fired their weapons upon Plaintiff's property. Their actions were unnecessary and excessive considering the circumstances surrounding the incident.

124. Defendant Officers striking the Plaintiff's property caused severe damage to Plaintiff's property.

125. Defendant Officers' actions and inactions were egregious and arbitrary.

126. Defendant Officers each failed to prevent one another from causing or placing Plaintiff's property in direct and an unreasonable risk of harm, further violating his federal civil liberties.

127. Defendant Officers each had reason to know that a constitutional violation had been committed by the other, and Defendant Officers had a realistic opportunity to intervene to prevent the risk of harm from occurring.

128. Defendant Officers also shared a law enforcement association where each respectively understood the policies and procedures in detaining and/or arresting a suspect and that

such policies and procedures that would immediately violate an individual's constitutional rights if not complied with.

129.     As a direct and proximate cause of Defendant Officers' actions and inactions, Plaintiff suffered federal civil liberty violations, public humiliation, property damage, and mental and emotional distress.

## II.     PLAINTIFFS' CLAIM TWO: 42 U.S.C. § 1983 — MUNICIPAL LIABILITY

130.     Plaintiffs reallege paragraphs 1 through 129 of this Complaint and incorporate them herein by reference.

131.     Plaintiffs assert that their constitutional rights were violated when Defendant Officers falsely arrested Plaintiffs, used excessive force to execute said arrest, and each Officer respectively failed to intervene as he witnessed his fellow Officer violate Plaintiffs' constitutional rights.

132.     Additionally, municipalities may be held liable under 42 U.S.C. § 1983 for constitutional torts that are committed pursuant to a policy, procedure, practice, or custom of the municipality. Even if the County's and the City's practice of overlooking constitutional torts was not authorized by an officially adopted policy, the practice may be so common and well-settled that it fairly represents official policy. *See Bd. of County Comm'rs of Bryan County v. Brown*, 520  U.S. 397,404 (1997).

133.     In the present case, the City's formal and informal actions reflect a policy, practice, custom and procedure authorizing and allowing constitutional rights violations. Consequently, the City is liable for harm caused to Plaintiffs as a result of its policies, practices customs and procedures.

134.     Defendant City are liable for the constitutional torts of Defendant Officers because

the City sanctioned the following customs, practices, and policies:

(A)    Using unreasonable and excessive force to carry out detentions and/or arrests;

(B)    Arbitrarily using arrests when they are not necessary or permitted by law;

(C)    Ignoring the serious need for training and supervision of its Officers regarding its policies and procedures when conducting detentions and/or arrests;

(D)    Failing to adequately supervise and/or observe its Officers;

(E)    Failing to adequately train Officers regarding the availability of alternative means other than the use of arrests, force, or excessive force without probable cause;

(F)    Failing to discharge Officers who have shown a pattern or practice of falsely arresting citizens;

(G)    Failing to exclude Officers who have shown a pattern or practice of misbehavior and using excessive force from taking part in the execution of warrants.

(H)    Failing to adequately screen Officers who have shown a pattern or practice of using excessive force before hiring said officer;

(I)    Failing to inform future employer of Officers who have shown a pattern or practice of using excessive force when future employer has inquired; and

(J)    Failing to discharge Officers who have shown a pattern or practice of using excessive force; and

(K)    Adopting a practice whereby Officers who are unfit for peace Officer duties, as shown by prior actions in the line of duty, are allowed to retain their positions.

135.    At the time Defendant Officers arrested Plaintiffs, they were acting pursuant to an official City policy, practice, custom and procedure overlooking and/or authorizing police Officer's excessive use of force and unlawful arrests. *See Monell v. New York County Dept. of*

*Social Servs.*, 436 U.S. 658, 659 (1978).

136.     Thus, Defendant City's failure to supervise and train its officers, and its willful blindness towards the constitutional violations of its employees was a direct cause of Plaintiffs' injuries.

### 1.     Failure to Train a Single Police Officer.

137.     Plaintiff realleges paragraphs 1 through 136 of this Complaint and incorporates them herein by reference.

138.     A City may be held liable for its failure to train a single officer when the policymakers know about the pattern of unconstitutional misconduct and the Officer's acts were so egregious that the City should have had clear warning that the particular Officer posed a danger to citizens. *See Pineda v. County of Houston*, 124 F. Supp. 2d 1057, 1068 (S.D. Tex. 2000).

139.     With respect to Defendant Officers, the need for additional or different training was necessary considering the circumstance of this incident. Defendant City knew that Defendant Officers were likely to engage in other acts of wrongful conduct, yet Defendant City continuously failed to discipline, supervise, or train Defendant Officers.

140.     Defendant City's acts and omissions, when viewed objectively, involved an extreme degree of risk considering the probability and magnitude of harm to citizens. Defendant City had actual, subjective awareness of the risks involved, but nevertheless preceded with deliberate indifference to the rights, safety, or welfare of others, including Plaintiff.

141.     Thus, considering the substantial risks posed by Defendant Officers, Defendant City's failure to train them constitutes gross negligence and/or deliberate and conscious indifference to the rights, safety, and welfare of others, including Plaintiffs.

### VI. DAMAGES

142.     Plaintiff realleges paragraphs 1 through 141 of this Complaint and incorporates them herein by reference.

143.     In addition to the damages mentioned in the preceding paragraphs as a direct and proximate result of the intentional and unlawful conduct of Defendants, Plaintiffs have suffered, and in reasonable probability, will continue to suffer damages.

144.     In addition, Defendant Officers are liable for damages as a result of the destruction to Plaintiffs' property.

145.     Defendant Officers are liable for compensatory and exemplary damages arising from their negligence and gross negligence.

## VII. ATTORNEY'S FEES

146.     Plaintiffs reallege paragraphs 1 through 145 of this Complaint and incorporate them herein by reference.

147.     Plaintiffs are entitled to recover attorney's fees and costs as required by the Civil Rights Attorney's Fees Award Act of 1976. 49 U.S.C. § 1988. Plaintiff hereby requests that the Court and jury award his attorney's fees and expenses.

## VIII. JURY DEMAND

148.     Plaintiffs respectfully demand a jury trial pursuant to FED. R. CIV. P. 8(b). Plaintiffs further respectfully demand a bench trial for claims under the Tennessee Tort Claims Act.

## IX. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that Defendants be cited to appear and answer herein, and that Plaintiffs have judgment against Defendants, jointly and/or severally, for actual damages above the jurisdictional minimum of the

Court; exemplary damages; pre-judgment interest; post-judgment interest, court costs, attorney's

fees and expenses, and all other relief to which Plaintiffs are justly entitled, at law or in equity.

Plaintiffs pray for relief in the amount of $3,000,000.00 each.

Respectfully submitted this the 5th day of August 2021.

ATTORNEYS FOR PLAINTIFFS

**/s/ Juan T. Williams**
John Keith Perry, Jr. (TBPR No.: 24283)
Juan T. Williams (TBPR No.:27626)
**PERRYGRIFFIN, P.C.**
5699 Getwell Road, Bldg. G, Suite 5
Southaven, MS 38672
Tele:   (662) 536-6868
Fax:    (662) 536-6869
Email: JKP@PerryGriffin.com
        JW@PerryGriffin.com