# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

JUSTIN JAICO GRIHAM AND
EMMANUEL L. MENIRU,

      Plaintiffs,

v.                                                    Case No. 2:21-cv-02506-MSN
                                                      JURY DEMAND

CITY OF MEMPHIS, TENNESSEE,
TAIYUAN BROOKS, A. MALONE and
JOHN AND JANE DOES 1-10 MEMPHIS
POLICE DEPARTMENT OFFICERS
in their Official and Individual Capacities,

      Defendants.

## ORDER GRANTING DEFENDANT OFFICERS' MOTION TO DISMISS IN PART AND STAYING PROCEEDINGS IN PART

      Before the Court is Defendant Memphis Police Department Officers Taiyuan Brooks, A. Malone, and John and Jane Does 1–10's ("Officers") Motion to Dismiss, filed September 1, 2021. (ECF No. 14, "Motion".) Plaintiffs timely filed a Response on September 23, 2021. (ECF No. 18.)[1] The Officers filed their Reply on October 13, 2021. (ECF No. 20.) For the reasons below,

---

[1] Plaintiffs' Response, however, only addresses the arguments raised by the City of Memphis, whose Motion to Dismiss has been adjudicated in an earlier Order. (ECF No. 13.) Though Plaintiffs filed the Response as a Response to both the City of Memphis' and the Officers' Motions to Dismiss, its title ("Plaintiffs Justin Jaico Griham and Emmanuel L. Meniru's Response to Defednant [sic] City of Memphis's Motion to Dismiss") also indicates that Plaintiffs did not intend to address the arguments raised in the Officers' Motion. Consequently, Plaintiffs have waived their response as to the Officers' arguments because they have failed to address them in their Response. *See Humphrey v. United States AG Office*, 279 F. App'x 328, 332 (6th Cir. 2008); *Scott v. State of Tenn.*, 878 F.2d 382 (6th Cir. 1989) ("It is an established principle of law that a district court may properly dismiss a plaintiff's case for want of

the Officers' Motion to Dismiss as to Plaintiffs' claims under the First, Fifth, and Eighth Amendments, and to Plaintiffs' claim under the Tennessee Governmental Tort Liability Act ("TGTLA") is **GRANTED**.  Plaintiffs claims under the Fourth and Fourteenth Amendments are **STAYED** pending resolution of their criminal proceedings.

## BACKGROUND

The Court must determine whether the Amended Complaint states a plausible claim against the Officers arising from their conduct during their apprehension and arrest of Plaintiffs.  Plaintiffs sued the City and Officers individually for compensatory and punitive damages related to injuries incurred from conduct that allegedly violated their constitutional rights under 42 U.S.C. § 1983. (ECF No. 8 at PageID 39.)

Specifically, on April 4, 2021, Plaintiffs, accompanied by others, rode all-terrain vehicles ("ATVs") in the Lamar Avenue and Knight Arnold Road area in Memphis.  (ECF No. 1 at PageID 5.)  When they attempted to depart this area, Defendant Officers allegedly pursued them in police cruisers and, without warning, struck Plaintiffs' ATVs with their vehicles forcing them from the road.[2]  (ECF No. 8 at PageID 43.)  Thereafter, Defendant Officers are alleged to have forcefully restrained Plaintiffs and handcuffed them, resulting in physical injuries to Plaintiffs.  (*Id.*)

---

prosecution.  Similarly, if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." (citations omitted)); *Moody v. CitiMortgage, Inc.*, 32 F. Supp. 3d 869, 875 (W.D. Mich. 2014) ("A plaintiff must oppose a defendant's motion to dismiss or otherwise respond or he waives opposition to the motion.").

[2] The Amended Complaint further alleges that a police cruiser "almost landed on top of" Plaintiff Meniru when it forced him from the road.  (*Id.*)

2

On August 5, 2021, Plaintiffs filed their Complaint against the Officers in their official and individual capacities (Claim I) as well as the City of Memphis (Claim II).[3]  (*Id*. at PageID 7, 19.) Plaintiffs filed their Amended Complaint one day later.  (ECF No. 8.)  The Officers filed the instant Motion under Fed. R. Civ. P 12(b)(6) on September 1, 2021.  (ECF No. 14.)

## **LEGAL STANDARD**

Deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *Cook v. Ohio Nat'l Life Ins. Co*., 961 F.3d 850, 855 (6th Cir. 2020) (quoting *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012)).  The Court adopts this framework to determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The complaint will be found plausible on its face only when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  While a complaint need not include detailed factual allegations, a plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  Stated differently, "[t]he factual allegations need not be overly detailed, but nor can they merely recite the elements of a cause of action and make a 'the-defendant-did-it' allegation."  *Siefert v. Hamilton Cnty.*, 951 F.3d 753, 759 (6th Cir. 2020); *see also Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007)

---

[3] This Order addresses only those claims asserted in Claim I, against the Officers.  Claims against the City have been dismissed in an earlier separate Order that assesses the City's Motion to Dismiss.  (*See* ECF No. 31.)

(quoting *Twombly*, 550 U.S. at 555) ("Factual allegations must be enough to raise a right to relief above [a] speculative level.") If a court, relying on its judicial experience and common sense, determines that the claim is not plausible, the case may be dismissed at the pleading stage. *Iqbal*, 556 U.S. at 679. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*; *Twombly*, 550 U.S. at 556.

## DISCUSSION

The Officers raise two primary bases for dismissal in their Motion: (1) Plaintiffs' claims are barred under *Heck v. Humphrey*, 512 U.S. 447, 487 (1994) and (2) they are entitled to a qualified immunity affirmative defense. (ECF No. 14 at PageID 91–93.) They further argue that, to the extent applicable, Plaintiffs have failed to state a claim under the Fifth, Eighth, and Fourteenth Amendments to U.S. Constitution, or under the TGTLA. (*Id.* at PageID 92–94.) The Officers ultimately contend that *Heck* is dispositive on all claims. (ECF No. 14 at PageID 88; ECF No. 20 at PageID 152.) Other than stating that "[u]nder well-established law on the above violations, Defendant Officers are not entitled to qualified or other immunity for these actions," Plaintiffs do not address the Officers' bases for dismissal. (ECF No. 8 at PageID 40.)

**A.   Plaintiffs' Fourth Amendment Claims under § 1983**

Plaintiffs bring claims for wrongful arrest, excessive force, and unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution. (ECF No. 1 at PageID 2.) The Officers argue that these claims are barred under *Heck* because both Plaintiffs are facing charges arising from the April 4, 2021 incident that are still pending in state court. (ECF No. 14 at PageID 89.) In *Heck*, the U.S. Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

4

> order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486–87. While *Heck* clearly bars § 1983 claims brought post-conviction, its application to pending charges is not so evident. Prior to 2007, the Sixth Circuit found that *Heck* also forecloses § 1983 claims brought by plaintiffs with pending criminal charges if success on their § 1983 claim would "imply the invalidity of a future conviction." *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 398 (6th Cir. 1999). *See also Gorenc v. City of Westland*, 72 F. App'x 336, 339 (6th Cir. 2003) (quoting *Shamaeizadeh*, 182 F.3d at 398) ("[T]he concerns of *Heck* apply pre-conviction as well as post-conviction"); *Id.* (quoting *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999)) ("[Thus, '*Heck* precludes 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the validity of any conviction or sentence that might result from prosecution of the pending charges.'").

But in 2007, the U.S. Supreme Court declined to adopt the principle that "an action which would impugn an *anticipated future conviction* cannot be brought until that conviction occurs and is set aside." *Wallace v. Kato*, 549 U.S. 384, 393 (2007). Viewing that approach as a "bizarre extension of *Heck*," the Court explained:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Id.* at 393–94. *See also McDonough v. Smith*, 139 S.Ct. 2149, 2158 (2019) (citing *Wallace*, 549 U.S. at 393–94 to note that stays and ad hoc abstention are available for claims outside the scope of *Heck*—like "civil actions while criminal prosecutions proceed"); *Fox v. DeSoto*, 489 F.3d 227, 234 (6th Cir. 2007) (stating that *Wallace* "effectively abrogates the holding in *Shamaeizadeh*" and "clarified that the *Heck* bar has no application in the pre-conviction context"). District courts in

5

the Sixth Circuit have followed *Wallace*'s guidance. *See, e.g., Cimiotta v. Slaubaugh*, No. 3:17-cv-P594-DJH 2018, WL 617040, at *1 (W.D. Ky. Jan. 29, 2018) ("In light of *Wallace v. Kato*, if Plaintiff had a criminal case stemming from his allegations that is still pending, it might be necessary for the Court to stay the instant action until completion of the criminal matter. Alternatively, if Plaintiff has been convicted of the charges which he claims were brought illegally, his claims might be barred by the doctrine announced in *Heck v. Humphrey*."); *Robb v. Hammock*, No. 3:18-cv-01146, 2019 WL 330883, at *3 (M.D. Tenn. Jan. 25, 2019) (deeming a stay appropriate due to § 1983 plaintiff's pending state criminal proceedings).

Here, the Officers contend, and Plaintiffs do not deny, that Plaintiffs have charges pending in state court related to the allegations underlying their § 1983 claims. Because Plaintiffs' Fourth Amendment claims against Defendant Officers are clearly "related to rulings that will likely be made in a pending or anticipated criminal trial," *Wallace*, 549 U.S. at 393–94, the Court will refrain from considering the merits of Plaintiffs' Fourth Amendment claims at this time and will **STAY** them pending resolution of Plaintiffs' pending criminal proceedings. Accordingly, the Court will not proceed to analysis of Officers' qualified immunity defense to these claims at this time.

**B.     First Amendment Claim**

Based on the record in this case, the Court sees no reason to think *Heck* forecloses its consideration of Plaintiffs' First Amendment claim at this stage.[4] In fact, while Plaintiffs appear

---

[4] The Court recognizes that *Heck* and *Wallace* might bar, or require a court to stay its consideration of, a First Amendment claim. *See, e.g., Ashton v. City of Uniontown*, No. 11-1937, 2012 WL 208055 (3d. Cir. Jan. 25, 2012) (finding that *Heck* barred plaintiff's First Amendment retaliation claim because his convictions arose out of conduct potentially protected under the First Amendment). But that is not the case here. In their Response to Defendant City of Memphis' Motion to Dismiss (which apparently doubles as their response to the Officers' Motion to Dismiss), Plaintiffs slightly elaborate on their Complaint to indicate a First Amendment retaliation claim based on injuries incurred due to an insufficient policy of the City. (ECF No. 18 at PageID 129.) Since this argument does not apply to Officers, because Plaintiffs

6

to have contemplated a First Amendment claim in their Complaint, the only reference to the First Amendment in the Complaint is the assertion that the Court has jurisdiction to hear this case because "[t]his action is brought pursuant to . . . 42 U.S.C. § 1983 and § 1988 and the First . . . Amendment." (ECF No. 8 at PageID 40.)  As Plaintiffs provide no factual information to support their First Amendment claim against the Officers, the Court does not find that the Complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 570 (2007)).

In addition to their argument that Plaintiffs do not state a claim for which relief can be granted, Defendants argue that they are entitled to qualified immunity (ECF No. 14 at PageID 88, 92–93.)  "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Having found that Plaintiffs have failed to allege facts plausibly showing Defendants violated Plaintiffs' rights under the First Amendment, the Court also finds that Defendants are entitled to qualified immunity on Plaintiffs' First Amendment claim. *See Myers v. City of Centerville, Ohio*, 41 F.4th 746, 758 (6th Cir. 2022) ("[D]istrict courts have 'a duty to address' qualified immunity when it is properly raised prior to discovery'"); *Id.* at 759 ("[I]f the complaint fails to allege facts plausibly showing the violation of a constitutional right (regardless of whether that right was clearly established), granting qualified immunity is appropriate on the pleadings.")

---

nowhere allege that the Officers' conduct was in any way related to Plaintiffs' speech, and since it does not appear that Plaintiffs' pending charges involve speech, the Court does not believe *Heck* and *Wallace* bar disposition of this claim.

7

Accordingly, Plaintiffs' claim under the First Amendment will be **DISMISSED WITH PREJUDICE**.

C.     **Eighth Amendment Claim under 42 U.S.C. § 1983**

Plaintiffs also raise a claim under the Eighth Amendment to the U.S. Constitution in their Complaint. (ECF No. 8 at PageID 44.) As Eighth Amendment claims generally do not implicate *Heck*, the Court will address this claim. *See Huey v. Stine*, 230 F.3d 226, 230 (6th Cir. 2000), *overruled in part on other grounds* by *Muhammad v. Close*, 540 U.S. 749, 754–55 (2004) ("Eighth Amendment claims do not run afoul of *Heck* because the question of the degree of force used by a police or corrections officer is analytically distinct from the question whether the plaintiff violated the law").

The only clear grounds Plaintiffs offer to support their Eighth Amendment claim is their assertion that "Defendants, jointly and/or severally, deprived [Plaintiffs] of . . . those rights, privileges, and immunities secured by the . . . Eighth Amendment[] to the Constitution as incorporated and applied to the states through the Fourteenth Amendment." (ECF No. 8 at PageID 44.) The Complaint then lists four violations that, presumably, implicate that Amendment (as well as others): (1) the false arrest of Plaintiffs in violation of the Fourth Amendment, (2) Defendants' excessive force in detaining Plaintiffs, (3) the failure to intervene upon the Officer's violation of Plaintiffs' constitutional rights, and (4) the failure to supervise and / or train in order to prevent such violations. (*Id.*)

The Eighth Amendment's ban on cruel and unusual punishment "applies to excessive force claims brought by convicted criminals serving their sentences" and cannot be brought by Plaintiffs because they are not convicted criminals. *See Aldini v. Johnson*, 609 F.3d 8568, 864 (6th Cir. 2010); *Graham v. Connor*, 460 U.S. 386, 398–99 (1989) (quoting *Ingraham v. Wright*, 430 U.S.

8

651, 671 n.40 (1977)) ("[T]he less protective Eighth Amendment standard applies 'only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.'")  Regardless, Plaintiffs' Complaint lacks the factual assertions necessary to establish a claim under the Eighth Amendment.  Because Plaintiffs fail to allege a plausible claim under the Eighth Amendment, the Court also finds that Defendants are entitled to qualified immunity on Plaintiffs' Eighth Amendment claim.[5]  Thus, the Eighth Amendment does not afford Plaintiffs relief and Plaintiffs' claim under the Eighth Amendment will be **DISMISSED WITH PREJUDICE**.

D.  **Fifth Amendment Claim under 42 U.S.C. § 1983**

Plaintiffs also raise a claim under the Fifth Amendment to the U.S. Constitution, presumably under that Amendment's protection against deprivations of "life, liberty, or property, without due process of law."  (ECF No. 8 at PageID 44, 49–50.)  Specifically, Plaintiffs argue that the Officers violated their Fifth Amendment rights in the four ways mentioned above, but also in Officers' "use[] and abuse[] [of] their badges and their authority bestowed by MPD to interfere with Plaintiff's [sic] liberty without reasonable and just cause . . . ." (ECF No. 8 at PageID 50).  Plaintiffs also allege that Defendants "violated [Plaintiffs'] federal constitutional rights and civil liberties guaranteed by the . . . Fifth Amendment[] by unlawfully seizing thier" [sic]. (ECF No. 8 at PageID 49.)

The Fifth Amendment does not apply in this case because Plaintiffs have not alleged any federal action.  *See Scott v. Clay Cnty., Tenn.*, 205 F.3d 867, 873 n. 8 (6th Cir. 2000) (citing *Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir. 1981)) ("the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government"); *Walker v. Hughes*, 558 F.2d 1247,

---

[5] *See* cases accompanying qualified immunity discussion *infra* p. 7.

9

1257 (6th Cir. 1977). Even if it did, Plaintiffs' Complaint is so devoid of factual content to support this claim that the Court cannot "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Because Plaintiffs fail to allege a plausible claim under the Fifth Amendment, the Court also finds that Defendants are entitled to qualified immunity on Plaintiffs' Fifth Amendment claim.[6] Thus, the Fifth Amendment does not afford Plaintiffs relief and Plaintiffs' claim under the Fifth Amendment will be **DISMISSED WITH PREJUDICE**.

**E.     TGTLA Claim**

Plaintiffs "demand a bench trial for claims under the Tennessee Tort Claims Act." (ECF No. 8 at PageID 60.) It is unclear from the Complaint against whom Plaintiffs mean to allege this claim. Reading the Complaint generously, it is possible that Plaintiffs seek to raise this claim against Defendant Officers on the grounds of negligence. (*See* ECF No. 8 at PageID 60.) To the extent they seek to do that here, state law forecloses that option. *See* TENN. CODE. ANN. §§ 29-20-205; 29-20-310(b)*; see also Robinson v. City of Memphis*, 340 F. Supp. 2d. 864, 873 (W.D. Tenn. 2004) (holding that police officer was immune from suit for negligence under Tennessee law because the City waived its immunity for claims based on negligent acts of its employees). Further, Plaintiffs' Complaint fails to state "a plausible claim for relief" sufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 556. Accordingly, Plaintiffs' claim under GTLA against Defendant Officers is **DISMISSED WITH PREJUDICE**.

## CONCLUSION

For the foregoing reasons, Defendant Officers' Motion to Dismiss is **GRANTED IN PART**. Plaintiffs' claims under the First, Fifth, and Eighth Amendments and Plaintiffs' claims

---

[6] *See* cases accompanying qualified immunity discussion *infra* p. 7.

under the TGTLA are **DISMISSED WITH PREJUDICE**.  For the reasons explained above, the Court finds it appropriate to abstain from deciding Plaintiffs' Fourth and Fourteenth Amendment claims.  Accordingly, the matter is hereby **STAYED** pending resolution of Plaintiffs' state proceedings.  Plaintiffs are **DIRECTED** to inform the Court upon resolution of either of Plaintiffs' proceedings and move to reopen this case no fewer than forty-five (45) days after said resolution.

**IT IS SO ORDERED**, this 30th day of September, 2022.

*s/ Mark S. Norris*  
MARK S. NORRIS  
UNITED STATES DISTRICT JUDGE